# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Claudia Houston, Cassandra Houston, Brittany Houston,<br><br>　　　　　　　　　Plaintiffs,<br>　vs.<br>Encinitas Union School District, et al.,<br>　　　　　　　　　Defendants. | CASE NO. 00cv2475 WQH (CAB)<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are (1) the "Motions & Requests to Recuse, Appt Counsel, Transfer Rights and Proposed Rule 52, 59, 60 Motions to Make Findings; to Vacate and Set Aside Judgment of Feb. 28, 2008 [Doc. 170]; to Sanction" (Docs. # 176, 177), (2) the Motion to Stay Due to Pending Petition for Rehearing (Doc. # 179), (3) the Ex Parte Motion to Correct Clerical Error in Doc. # 180 (Doc. # 184), (4) the Ex Parte Motion to Correct Clerical Error in Doc. # 182 (Doc. # 185), and (5) the Ex Parte Motion for Indication of Willingness to Hear Motion re IDEA Reimbursements (Doc. # 186).

## **Background**

　　On December 13, 2000, Plaintiffs initiated this action by filing the complaint (Doc. # 1). On June 2, 2003, Plaintiffs filed the fourth amended complaint ("FAC") (Doc. # 78),

which became the operative complaint in this case.[1]  On June 24, 2003, Defendants filed the motion to dismiss the FAC (Doc. # 79).  On March 25, 2004, the Court issued an order granting the motion to dismiss the FAC on grounds that Plaintiffs failed to exhaust their administrative remedies or demonstrate that their attempts to exhaust their administrative remedies were futile.  The Court dismissed the FAC with prejudice with respect to Plaintiff Claudia Houston and without prejudice with respect to Plaintiffs Cassandra and Brittany Houston (Doc. # 122).  On March 25, 2004, the Clerk of the Court entered judgment against Plaintiffs and in favor of Defendants, and terminated the case (Doc. # 123).

On April 9, 2004, Plaintiffs filed a notice of appeal from the Court's March 25, 2004 order dismissing the case (Doc. # 125).  On January 29, 2008, the Court of Appeals for the Ninth Circuit entered judgment in this case affirming in part, vacating in part and remanding (Doc. # 169).  The Ninth Circuit stated: "[W]e vacate the district court's judgment to the extent it dismissed Claudia Houston's federal claims with prejudice, and remand for entry of judgment dismissing the entire action without prejudice."  *Id.* at 3.  On February 28, 2008, this Court issued an order dismissing the entire action without prejudice and directing the Clerk of the Court to enter judgment against Plaintiffs and in favor of Defendants (Doc. # 170).  On February 28, 2008, the Clerk of the Court entered judgment dismissing the entire action without prejudice, and terminated the case (Doc. # 171).

On March 17, 2008, Plaintiffs filed the "Motions & Requests to Recuse, Appt Counsel, Transfer Rights and Proposed Rule 52, 59, 60 Motions to Make Findings; to Vacate and Set Aside Judgment of Feb. 28, 2008 [Doc. 170]; to Sanction" ("Motion to Vacate").  On March 27, 2008, Plaintiffs filed the Motion to Stay Due to Pending Petition for Rehearing ("Motion to Stay").  On April 18, 2008, Plaintiffs filed the Ex Parte Motion to Correct Clerical Error in Doc. # 180 ("Motion re Doc. # 180").  On April 18, 2008, Plaintiffs filed the Ex Parte Motion to Correct Clerical Error in Doc. # 182 ("Motion re Doc. # 182").  On April 18, 2008, Plaintiffs filed the Ex Parte Motion for Indication of Willingness to Hear Motion re IDEA Reimbursements ("Motion re IDEA Reimbursements").  Defendants have not filed a response

---

[1] On November 14, 2003, the Court granted Plaintiffs leave to file a fifth amended complaint (Doc. # 98, 99).  Plaintiffs never filed a fifth amended complaint.

to any of Plaintiffs' Motions.

## Analysis

**II.     Motion to Stay**

Plaintiffs contend that they filed a timely petition for rehearing with the Court of Appeals for the Ninth Circuit before filing the Motion to Vacate with this Court. Plaintiffs contend that the petition for rehearing requests that the Ninth Circuit vacate the orders reassigning the case from Judge Gonzales to Judge Hayes (Doc. # 93), granting Plaintiffs' request to file a fifth amended complaint (Doc. # 94), denying the motion to vacate, reset hearing and extend time due to excusable neglect (Doc. # 121), and granting the motion to dismiss the FAC (Doc. # 122). Plaintiffs request that this Court stay proceedings on the Motion to Vacate.

"Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal." *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). However, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) where the public interest lies. *Id.*

Plaintiffs have not made a strong showing that they are likely to succeed on the merits of their appeal, or that they will suffer irreparable injury absent a stay. Granting a stay would not benefit the public interest. The Court concludes that the factors regulating the issuance of a stay weigh against granting a stay. The Motion to Stay is denied.

**II.     The Motion to Vacate[2]**

Plaintiffs request the following relief in the Motion to Vacate: (1) that the Court vacate and set aside the judgment pursuant to Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure, (2) that the Court appoint counsel to represent them in all further proceedings, (3) that the Court "*sua sponte* recuse itself so it will appear to an objective observer that an impartial tribunal decided our post judgment and other requests" pursuant to 28 U.S.C. §

---

[2] Although filed as two separate Motions (Docs. # 176 and 177), the relief sought and language in Docs. # 176 and 177 are identical.

455(a), (4) that the Court transfer "our litigation rights to USDC 06cv1285 IEG," (5) that the Court "investigate alleged fraud, call upon the accused, make findings per FRCP 52," and (6) that the Court "order briefing re Sanctions." *Mot. for Recusal,* p. 1-2.

### A. Plaintiffs' Requests to Vacate and Set Aside the Judgment

#### i. *Rule 60(b)(3)*

Plaintiffs contend that the dismissal of their case was grounded on the finding that Plaintiffs had not exhausted their administrative remedies. Plaintiffs contend that Defendants knowingly and falsely denied that Plaintiffs Brittany and Cassandra Houston participated in special education administration due process hearings. Plaintiffs contend that they are entitled to relief from judgment under Rule 60(b)(3) on grounds that Defendants knowingly concealed administrative records of Brittany and Cassandra's participation in due process hearings which demonstrates that Plaintiffs exhausted their administrative remedies.

Rule 60(b)(3) provides for relief from a final judgment obtained through fraud, misrepresentation, or other misconduct of an adverse party. FED. R. CIV. P. 60(b)(3). "To prevail, the moving party must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.,* 362 F.3d 1254, 1260 (9th Cir. 2004) (internal quotations omitted). Rule 60(b)(3) requires that the fraud, misrepresentation or other misconduct "not be discoverable by due diligence before or during the proceedings." *Id.*

20 U.S.C. section 1415, provides that the parents of a disabled child enrolled in private school are entitled to a due process hearing where they may challenge whether the child is receiving a free and appropriate education. "Any party aggrieved by the findings and decision" made in connection with the due process hearing "shall have the right to bring a civil action with respect to the complaint presented." 20 U.S.C. § 1415(I)(2).

Plaintiffs contend that Doc. # 97 "proves administrative due process proceedings did occur." *Mot. to Vacate,* p. 5. Doc. # 97 is a copy of a transcript from an administrative hearing at the California special education hearing office regarding Plaintiffs' challenge to whether Brittany and Cassandra were receiving a free and appropriate education. However,

1 it does not indicate that the agency reviewing Plaintiffs' complaint made any "findings and
2 decision," as required to satisfy the exhaustion requirements under 20 U.S.C. section 1415.
3 Rather, the transcript reflects that at the conclusion of the hearing, the hearing officer ordered
4 Plaintiffs to submit their arguments in a written motion and stated "I'll make a ruling either
5 prior to the time we reconvene or - uh - when we reconvene." *Admin. Hearing Transcript,* p.
6 685.  The transcript does not demonstrate that Plaintiffs exhausted their administrative
7 remedies.  The transcript was lodged in the record of this case prior to the Court's ruling on
8 the motion to dismiss the FAC.  Even if the transcript did demonstrate that Plaintiffs exhausted
9 their administrative remedies, the transcript "could have been discoverable by due diligence
10 before or during the proceedings."  *Casey,* 362 F.3d at 1260.  The Court concludes that
11 Plaintiffs are not entitled to relief from judgment under Rule 60(b)(3) because Plaintiffs have
12 not proved by clear and convincing evidence that the judgment was obtained through fraud,
13 misrepresentation or other misconduct of an adverse party that was not discoverable by due
14 diligence before or during the proceedings.  The Motion to Vacate under Rule 60(b)(3) is
15 denied.

16         ii.    *Rule 60(b)(4)*

17 Plaintiffs contend that they are entitled to relief under Rule 60(b)(4) on the following
18 grounds: (1) the case was reassigned to this Court while hearings on the issue of exhaustion
19 of administrative remedies were pending, and this Court failed to certify familiarity with the
20 record and determine that the proceedings could be completed without prejudice to the parties,
21 in violation of Rule 63 of the Federal Rules of Civil Procedure, (2) "the court exceeded its
22 authority . . . by not recusing itself before entering Judgment to avoid the appearance of bias,"
23 and (3) this Court never obtained personal jurisdiction over Plaintiffs Brittany and Cassandra
24 before entering judgment.  *Mot. to Recuse,* p. 16.

25 Rule 60(b)(4) provides for relief from judgment if "the judgment is void." FED. R. CIV.
26 P. 60(b)(4).  "A final judgment is void for purposes of Rule 60(b)(4) only if the court that
27 considered it lacked jurisdiction, either as to the subject matter of the dispute or over the
28 parties to be bound, or acted in a manner inconsistent with due process of law." *United States
v. Berke,* 170 F.3d 882, 883 (9th Cir. 1999) (internal quotations omitted).  "A judgment is not

1 void merely because it is erroneous." *Id.*

2     Rule 63 governs circumstances when one judge is unable to proceed and the case is
3 transferred to another judge. Rule 63 applies only where "a trial or hearing has been
4 commenced and the judge is unable to proceed." FED. R. CIV. P. 63. In order for Rule 63 to
5 apply, "the trial or hearing shall have commenced and thereafter at any stage of the
6 proceedings the judge is unable to proceed." *Canseco v. United States,* 97 F.3d 1224, 1226
7 (9th Cir. 1996). In the present case, the hearing date for the motion to dismiss the FAC was
8 February 6, 2004, which was after the case was transferred to this Court on October 9, 2003.
9 Hearings on the issue of exhaustion of administrative remedies had not been taken under
10 submission when the case was reassigned to this Court. Rule 63 certification does not apply.

11     Pursuant to 28 U.S.C. section 455(a), a district judge "shall disqualify" himself in any
12 proceeding in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).
13 Pursuant to section 455(b), a district judge must also disqualify himself "[w]here he has a
14 personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary
15 facts concerning the proceeding." 28 U.S.C. § 455(b). The standard for recusal under section
16 455 is "whether a reasonable person with knowledge of all the facts would conclude that the
17 judge's impartiality might reasonably be questioned." *Mayes v. Leipziger,* 729 F.2d 605, 607
18 (9th Cir. 1984) (internal quotations omitted). "[J]udicial rulings alone almost never constitute
19 [a] valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540 (1994).
20 Plaintiffs' basis asserted for recusal is their disagreement with the Court's prior rulings in this
21 case. Plaintiffs fail to show how "a reasonable person with knowledge of all the facts would
22 conclude that [this Court's] impartiality might reasonably be questioned." *Mayes,* 729 F.2d
23 at 607.

24     A party waives any argument that a district court should have dismissed the case for
25 lack of personal jurisdiction pursuant to Rule 12(b)(2) "if not asserted in a responsive pleading
26 or amendment." *Dunbar Corp. v. Lindsey,* 905 F.2d 754, 764 (9th Cir. 1990); FED. R. CIV. P.
27 12(b)(2). This action was transferred to this Court in 2003. Plaintiffs have waived any
28 objection to personal jurisdiction because Plaintiffs have appeared in this action, and have filed
numerous motions and documents since the case was transferred to this Court. The Court also

notes that Plaintiffs do not dispute that they are California residents and that the events giving rise to this action took place in California.

The Court concludes that Plaintiffs are not entitled to relief pursuant to Rule 60(b)(4) because Plaintiffs have not shown that the Court lacked jurisdiction over Plaintiffs, the subject matter, or otherwise acted in a manner inconsistent with due process of law. The Motion to Vacate under Rule 60(b)(4) is denied.

    iii. *Rule 60(b)(5)*

Plaintiffs contend that the judgment "operates as an injunction" because it "effectively obligates us Plaintiffs to engage in administrative proceedings before we sue" Defendants. *Mot. to Vacate,* p. 19. Plaintiffs contend IDEA was modified after the judgment in this action such that the requirement that Plaintiffs exhaust their administrative remedies has been obviated. Plaintiffs contend that they are entitled to relief under Rule 60(b)(5) because there has been a change in law after the final judgment.

Rule 60(b)(5) provides for relief from judgment when "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b)(5). In order to grant a Rule 60(b)(5) motion, "a district court must find a significant change either in factual conditions or in law." *SEC v. Coldicutt,* 258 F.3d 939, 942 (9th Cir. 2001). A "change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating a judgment under Rule 60(b)(5)." *Phelps v. Alameda,* 366 F.3d 722, 725 (9th Cir. 2004) (internal quotations omitted).

Plaintiffs base their claim for relief under Rule 60(b)(5) on their assertion that "the Judgment has prospective effect. It effectively obligates us Plaintiffs to engage in administrative proceedings before we sue" the Defendants. *Mot. to Vacate,* p. 19. The judgment in this case, however, is not an injunction, but rather a dismissal of the action for failure to exhaust state administrative remedies. The judgment in this case has also "become final in all respects." *Phelps,* 366 F.3d at 725. The Court concludes that there has not been a significant change in the law to warrant vacating the judgment under Rule 60(b)(5). The Motion to Vacate pursuant to Rule 60(b)(5) is denied.

iv.  *Rule 60(b)(6)*

Plaintiffs contend that they are entitled to relief under Rule 60(b)(6) on grounds that attorney misconduct and the Court's decisions "combined to unfairly deny Brittany and Cassandra any opportunity to influence the judgment." *Mot. to Vacate,* p. 20.

Rule 60(b)(6) provides for relief from judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6).  In order to obtain relief under Rule 60(b)(6), the movant "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co.,* 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotations omitted).  Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*

The Court concludes that Plaintiffs have not demonstrated injury and circumstances beyond their control which warrant vacating the judgment under Rule 60(b)(6).  Extraordinary circumstances are not present to justify granting relief under Rule 60(b)(6).  The Motion to Vacate under Rule 60(b)(6) is denied.

v.  *Rule 59(e)*

Plaintiffs request relief pursuant to Rule 59(e), but provide no specific grounds upon which they are entitled to relief from judgment under Rule 59(e).

Rule 59(e) states that a party may file a motion to alter or amend a judgment no later than 10 days after the entry of the judgment. FED. R. CIV. P. 59(e).  Reconsideration after entry of judgment pursuant to Rule 59(e) is "an extraordinary remedy which should be used sparingly." *McDowell v. Calderon,* 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).  There are four basic grounds upon which a Rule 59(e) motion may be granted:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence.  Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*Id.*  A Rule 59(e) motion "should not be granted absent highly unusual circumstances."

1 *Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

2 After reviewing the record, the Court concludes that none of grounds upon which a Rule 59(e) motion may be granted are present. The Court concludes that "highly unusual circumstances" are not present to justify the "extraordinary remedy" of relief under Rule 59(e). *McDowell,* 197 F.3d at 1255 n.1; *Orange St. Partners,* 179 F.3d at 665. The Motion to Vacate Judgment under Rule 59(e) is denied.

### B. Motion to Grant IFP and Appoint Counsel

Plaintiffs request that the Court appoint counsel to investigate their allegations of fraud underlying their Rule 60(b) motions. The Court denies Plaintiffs' Motion to Grant IFP and Appoint Counsel because final judgment has been entered in this action, Plaintiffs' requests to vacate the judgment have been denied, and the case is closed.

### C. Motion for *Sua Sponte* Recusal

Plaintiffs request that this Court recuse itself pursuant to 28 U.S.C. section 455(a). As previously discussed, Plaintiffs' Motion is based on their disagreement with the Court's prior rulings in this case. Plaintiffs fail to show how "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes,* 729 F.2d at 607. The Motion for *Sua Sponte* Recusal is denied.

### D. Motion to Transfer Rights

Plaintiffs request that the Court "transfer our litigation rights to USDC 06-cv-1285 where 42 USC 1983 claims against these Defendants were already re-filed, and where personal jurisdiction last lied." *Mot. for Recusal,* p. 2. However, in the Ex Parte Motion re Doc. # 180, Plaintiffs withdrew the Motion to Transfer Rights. (Doc. # 184, p. 3, fn 2). Plaintiffs state: "We also asked the court to transfer our litigation rights to 06-cv-1285 IEG, but that request is withdrawn because it was made before I received the order in 06-cv-1285 IEC. That order mooted our request." *Id.* The Motion to Transfer Rights is denied as moot.

### E. Motion to Make Findings

Plaintiffs request that the Court "[i]nvestigate alleged fraud, call upon the accused, make findings per FRCP 52." *Mot. for Recusal,* p. 2. Plaintiffs request that the Court make affirmative findings of the facts that underlie their Rule 60(b) motions to vacate.

- 9 -                                                                                              00cv2475 WQH (CAB)

1    Rule 52 governs findings and conclusions by the Court. Pursuant to Rule 52(a), the
2 "court is not required to state findings or conclusions when ruling on a motion under Rule 12
3 or 56 or, unless these rules provide otherwise, on any other motion." FED. R. CIV. P. 52(a).
4 Pursuant to Rule 52(b), "[o]n a party's motion filed no later than 10 days after the entry of
5 judgment, the court may amend its findings - or make additional findings - and may amend the
6 judgment accordingly." FED. R. CIV. P. 52(b).

7    The Court was not required to state findings or conclusions when it granted the
8 Defendants' motion to dismiss the FAC, and has made all findings necessary to resolve
9 Plaintiffs' Rule 60(b) motions. The Motion to Make Findings under Rule 52 is denied.

10   F.   Motion for Sanctions

11   Plaintiffs' request for sanctions states in full: "Relief Requested . . . Order briefing re
12 Sanctions." *Mot. to Vacate,* p. 2. Plaintiffs do not state any legal or factual basis for the
13 imposition of sanctions. After reviewing the record, the Court denies Plaintiffs' request to
14 order briefing regarding sanctions.

15 **III.   Ex Parte Application to Correct Clerical Error in Doc. # 180**

16   In support of the Ex Parte Motion re Doc. # 182, Plaintiffs contend that they timely filed
17 an Affidavit of Personal Bias to support their request for recusal in the Motion to Vacate.
18 Plaintiffs request that the Court "treat the Affidavit as timely filed under 28 USC 144 and take
19 action to determine its sufficiency." *Ex Parte Mot. re Doc. # 182,* p. 1.

20   The Court considered the Affidavit of Personal Bias (Doc. # 182) in denying the Motion
21 to Vacate. The Court also notes that the language in the Affidavit of Personal Bias (Doc. #
22 182) appears verbatim in the Affidavit of Personal Bias (Doc. # 183) which was timely filed
23 on April 7, 2008. The Court denies the Ex Parte Motion re Doc. # 182 as moot.

24 **IV.   Ex Parte Application to Correct Clerical Error in Doc. # 182**

25   In support of the Ex Parte Application to Correct Clerical Error in Doc. # 180, Plaintiffs
26 contend that on April 1, 2008, they filed three documents, but that the Clerk of the Court
27 "treated the case as closed" and did not file two of those three documents. *Ex Parte Mot. re*
28 *Doc. # 180,* p. 1. One of these two documents "attaches 3 IFPs and 3 Affidavits" to support
   the request for appointment of counsel in the Motion to Vacate. *Id.* at Exhibit B. The other

1 document is "a new Proof of Service which served our March 14th Proposed Rule 60(b)
2 Motion and Application to Stay." *Id.* at Exhibit C. Plaintiffs request that the Court "[c]orrect
3 clerical error by filing 2 documents *nunc pro tunc*." *Id.* at 3.

4 The Court has reviewed the documents which Plaintiff wishes to file *nunc pro tunc* and
5 concludes that they have no bearing on the Court's ruling on Plaintiffs' requests in the Motion
6 to Vacate and the Motion to Stay. The Court denies the Ex Parte Motion re Doc. # 182 as
7 moot because the case is closed and the documents Plaintiffs wish to have filed *nunc pro tunc*
8 do not impact the Court's rulings.

**V.     Motion re IDEA Reimbursements**

10 Plaintiffs contend that they are entitled to IDEA reimbursements under 20 U.S.C.
11 section 1415. Plaintiffs state that they "require and request discovery to support some of my
12 reimbursement requests. Will this court entertain a motion for IDEA reimbursements? . . .
13 Please be informed that I also asked the court in 06-cv-1285 about this issue, because it is not
14 clear which court controls this litigation." *Mot. re IDEA Reimbursements*, p. 1.

15 Pursuant to 20 U.S.C. section 1415, parents of a disabled child enrolled in private
16 school are entitled to a due process hearing where they may challenge whether the child is
17 receiving a free and appropriate education. Pursuant to 20 U.S.C. section 1412(a)(10)(C)(ii),
18 if a district court concludes that a free and appropriate education was not provided to a student,
19 the parents may seek reimbursement from the school district for private school tuition.

20 The order dismissing this action does not provide Plaintiffs with a right to IDEA
21 reimbursements because the Court did not conclude that Plaintiffs were deprived of a free and
22 appropriate education. The case is closed. The Motion re IDEA Reimbursements is denied.

**Conclusion**

24 IT IS HEREBY ORDERED that the (1) the "Motions & Requests to Recuse, Appt
25 Counsel, Transfer Rights and Proposed Rule 52, 59, 60 Motions to Make Findings; to Vacate
26 and Set Aside Judgment of Feb. 28, 2008 [Doc. 170]; to Sanction" (Docs. # 176, 177), (2) the
27 Motion to Stay Due to Pending Petition for Rehearing (Doc. # 179), (3) the Ex Parte Motion
28 to Correct Clerical Error in Doc. # 180 (Doc. # 184), (4) the Ex Parte Motion to Correct

1  Clerical Error in Doc. # 182 (Doc. # 185), and (5) the Ex Parte Motion for Indication of

2  Willingness to Hear Motion re IDEA Reimbursements (Doc. # 186) are **DENIED**.

3  DATED:  May 27, 2008

4  *William Q. Hayes*
   **WILLIAM Q. HAYES**
5  United States District Judge